UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>        Plaintiff,<br><br>    v.<br><br>WALMART, et al.,<br><br>        Defendants. | Case No. 1:25-cv-00419-EPG<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY (30) DAYS |

      On April 10, 2025, Plaintiff Candace Smith, proceeding *pro se*, filed this civil action. (ECF No. 1). Plaintiff's complaint is hard to follow, but generally, she appears to accuse Defendant Walmart and other business entity Defendants of using security cameras to engage in "gang stalking, attacking, robbing, and making false accusations and earnings from [Plaintiff's] legacy." (*Id.* at 5) (minor alterations for readability).

      Plaintiff filed an application to proceed *in forma pauperis* (IFP) with her complaint. (ECF No. 2). However, because she failed to answer some of the questions on the IFP form, previously assigned United States Magistrate Judge Sheila K. Oberto, issued an order on April 15, 2025, requiring Plaintiff to complete and file a long form IFP application within 21 days. (ECF No. 3).

1

After Plaintiff failed to meet this deadline, the undersigned issued an order granting Plaintiff a *sua sponte* extension to May 28, 2025, to file the long form IFP application, warning "that failure to timely do so will likely result in the dismissal of this case." (ECF No. 5). However, to date, Plaintiff has filed nothing. Accordingly, the Court will recommend dismissal based on Plaintiff's failure to prosecute this case and comply with court orders.

> In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Therefore, the first factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants. . . ." *Id.* (citations omitted). Here, Plaintiff has failed to respond to two separate orders to file a completed long form IFP application. (ECF Nos. 3, 5). Moreover, Plaintiff has filed nothing since she initiated this case on April 10, 2025. This failure to respond is delaying the case and interfering with docket management, as the case cannot progress without the filing fee being paid or Plaintiff being permitted to proceed IFP. *See* 28 U.S.C. §§ 1914, 1915. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with court orders that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute

2

this action and has failed to comply with court orders, despite being warned of possible dismissal, there is little available to the Court besides dismissal which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Notably, given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Further, because the Court is recommending dismissal without prejudice, it has stopped short of recommending the harsher sanction of dismissal with prejudice. Therefore, the fourth factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal without prejudice is appropriate.

Accordingly, IT IS ORDERED that the Clerk of Court is respectfully directed to assign a District Judge to this case.

Further, IT IS RECOMMENDED that:

1. This action be dismissed, without prejudice, based on Plaintiff's failure to prosecute this case and failure to comply with court orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than fifteen (15) pages, including exhibits.

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).
IT IS SO ORDERED.

Dated:   **June 12, 2025**                              /s/ Erica P. Grosjean
                                                                UNITED STATES MAGISTRATE JUDGE

3